In re PAULA BLDG. CORPORATION.
KOUSNETZ v. BAIRD.

No. 5903.

Circuit Court of Appeals, Seventh Circuit.

Dec. 10, 1936.

Rehearing Denied Jan. 7, 1937.

Jacob G. Grossberg and David H. Brill, both of Chicago, Ill., for appellant.

John E. MacLeish, George W. Swain, and Merrill A. Russell, all of Chicago, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

In a reorganization proceeding under section 77B of the Bankruptcy Act, 11 U. S.C.A. § 207, involving the Paula Building Corporation, one K. Kousnetz, appellant, filed a petition claiming to be the owner of various items of personal property then in the possession of the permanent trustee appointed by the Bankruptcy Court. The personal property consisted of the furnishings of a 44-apartment building, the property of the corporate debtor. Appellant later filed a claim asserting that there was also due her as rental for such furnishings the sum of $12,080. This appeal is from an order of the District Court finding that she was not the owner of such property and denying her claim for rental.

The District Court found: "That all of the right, title and interest of the petitioner, K. Kousnetz, in and to the furniture, furnishings, fixtures and equipment located in the Debtor's apartment hotel building at 4612-14 North Paulina Street, was acquired by her as the agent or nominee of and for the stockholders of the Debtor Corporation, and that all such right, title and interest was owned and held by her for the use and benefit of the Debtor Corporation and is now vested in Warner G. Baird, Trustee herein, by operation of law upon and by virtue of his appointment as such trustee of the Debtor Corporation; that the prayer of the petition of said K. Kousnetz filed herein on November 9, 1935, should be denied. * * *

"That the claim of K. Kousnetz filed herein on February 13, 1936, for Twelve Thousand and Eighty ($12,080) Dollars for rental alleged to be due for the use of the furniture, furnishings and fixtures located in said property and claimed by the said K. Kousnetz, should be disallowed, the said claimant having no title or interest in and to said furniture, furnishings and fixtures."

Without discussing the evidence, it is sufficient to observe that it abundantly supports such findings of fact; and the legal conclusions drawn therefrom by the District Court were proper and fully warranted.

It is asserted by appellant, however, that the court failed to give full faith to a previous adjudication by a state court holding her to be the owner of such property. She asserts that as the holder of a junior mortgage upon the real estate referred to she filed a bill in the circuit court of Cook

county in 1929, to foreclose the same, and that a receiver was appointed for the mortgaged property; that later the holder of the first mortgage filed foreclosure proceedings in the same court and the receivership was extended for the benefit of such first mortgage holder; that later she presented a petition to such court claiming to be the owner of the furniture in the mortgaged premises and praying that the receiver be ordered to pay her rent for the use of same. She further asserts that the state court entered an order finding her to be the owner of such property and directing the receiver to make rental payments to her, and that such order is res adjudicata of the matter now in controversy.

Appellee contends that no question of appellant's title to the personal property was there involved and that that issue is raised for the first time in the proceedings in the bankruptcy court.

▮ In a determination of the question of whether the order of the state court was a bar to a consideration by the bankruptcy court of the issues raised by appellant's petition in the bankruptcy court, it becomes important to know who were parties to the state court proceeding, whether that court had jurisdiction of the parties, and precisely what the issues were before that court. Identity of the parties and subject-matter as well as the scope of the issue there involved are important inquiries in the determination of whether the previous order could be set up in bar of the present proceeding.

▮ We, therefore, look to the record before us and we find that appellant in support of her position offered in evidence before the special master of the District Court a transcript of the proceedings had in the state court. She has not, however, in the certificate of evidence, preserved the same, and so far as the transcript of the evidence is concerned, we are without any competent information on the questions referred to. Appellant suggests that while such transcript of the proceedings in the state court was not so preserved, we should consult her petition filed in the District Court which purports to contain a copy of the state court's order, and which petition appears in the record. If we were to do this we would not gain the information necessary to a determination of the question. The purported copy of the state court's order recites merely that it was entered in a proceeding entitled K. Kousnetz v. Minnie D.

Roberts et al., No. B180627; that the cause came on to be heard upon motion of complainant and her sworn petition theretofore filed; that due notice was given to all interested parties, the complainant and receiver; and that complainant in case No. B205584 was represented by counsel in open court. It then proceeds with findings not material on the jurisdictional question. Obviously, we cannot tell from an inspection of this purported copy of the state court's order whether the debtor in the instant proceeding, or any one in privity with it, was properly before the court at that time, and it is equally obvious that we are without information of what issue was then before the court.

Under such circumstances, this question raised by appellant cannot be considered.

Other errors are assigned but they are without merit.

The decree of the District Court is affirmed.